IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOLBY LABORATORIES LICENSING CORPORATION,

    Plaintiff,

v.

GREAT WALL ELECTRONICS AUDIO VISUAL LTD.,

    Defendant.

No. C 03-01423 WHA

**ORDER GRANTING ENTRY OF DEFAULT JUDGMENT AND AWARD OF DAMAGES**

## INTRODUCTION

Plaintiff seeks an entry of a default judgment against defendant, who has never appeared in this suit after being served with the complaint and receiving notice of the entry of default. This order **GRANTS** plaintiff's application for default judgment in an action for breach of licensing agreement, patent infringement, and trademark infringement.

## STATEMENT

On April 3, 2003, plaintiff Dolby Laboratories Licensing Corporation ("Dolby") filed a complaint against defendant Great Wall Electronics Audio Visual Ltd. ("Great Wall") for accounting and damages. The complaint asserts three causes of action: breach of licensing agreement, patent infringement, and trademark infringement.

To support these claims, the complaint alleges the following facts. Plaintiff Dolby is a New York corporation with its principal place of business in San Francisco, California

1    (Compl. ¶ 1). It is the exclusive licensor and distributor of audio data rate reduction
2    technology, commonly known as AC-3, developed by Dolby Laboratories, Inc. (*id.* ¶¶ 1, 7).
3    Dolby, along with Dolby Laboratories, Inc., owns a number of patents and trademarks relating
4    to or used in connections with AC-3 (*id.* ¶ 8). Dolby licenses such intellectual property
5    regarding AC-3 to manufacturers of products in the home electronics market (*ibid.*).

Around October 27, 1999, Dolby executed a Digital Audio System License Agreement ("licensing agreement") with defendant Great Wall (*id.* ¶ 9.) Great Wall is a Bermuda corporation with its principal place of business in Hong Kong (*id.* ¶ 2). The licensing agreement allowed Great Wall to manufacture consumer entertainment products using Dolby's AC-3 technology in exchange for royalty payments according to the number of licensed devices sold or disposed of by Great Wall (*id.* ¶¶ 9–11). Great Wall actually purchased integrated circuits incorporating Dolby's AC-3 technology and installed them in its products.

Pursuant to the agreement, Great Wall was required to submit to Dolby quarterly statements reporting the number of licensed devices on which Great Wall was required to pay royalties (*id.* ¶¶ 12–13). The complaint alleges that Great Wall significantly underreported the number of licensed devices and thus the amount of royalties owed to Dolby since the formation of the agreement (*id.* ¶ 13).

Dolby discovered the underreporting problem when it noticed a discrepancy between statements from integrated circuit manufacturers who sold the circuits to Great Wall and Great Wall's own statements (Robinson Decl. ¶¶ 12-13). Because the integrated circuit manufacturers are also Dolby licensees, they report to Dolby the number of licensed devices they sell to Great Wall (Tan Decl. ¶ 3). Thus, Dolby was able to compare the reports from the integrated circuit manufacturers with Great Wall's statements and notice the discrepancy in Great Wall's statements (Robinson Decl. ¶¶ 12–13). Moreover, Dolby's employee saw Great Wall's products bearing Dolby's trademark for sale that had not been reported to Dolby in any of the quarterly statements (*id.* ¶¶ 9–11).

After Dolby became aware of the significant discrepancy, Dolby informed Great Wall of its underreporting problems (Compl. ¶ 14; Tan Decl. ¶ 5). In a meeting between the parties,

Great Wall's CEO allegedly admitted that Great Wall had consistently underreported the number of licensed devices it sold due to disorganization within Great Wall's operations department (Tan Decl. ¶ 5). Although Great Wall promised to submit revised statements and to account for the discrepancies, it failed to do so (Compl. ¶ 14; Tan Decl. ¶¶ 5-6). Dolby notified Great Wall of its breach of the licensing agreement on January 4, 2002, and requested anew for Great Wall's compliance (Compl. ¶ 16). Dolby also requested full payment for licensed devices unreported by Great Wall (*ibid.*). When Great Wall did not respond, Dolby terminated the agreement on March 4, 2002 (*ibid.*).

Plaintiff served defendant with the summons and complaint on May 26, 2003. Defendant has not appeared in this action and has not responded to the complaint within the time allotted under Federal Rule of Civil Procedure 12(a)(1)(A). The clerk entered default on July 24, 2003.

On August 7, 2003, this Court requested at the case management conference that plaintiff send a letter to defendant notifying Great Wall of the entry of default and Dolby's intent to seek default judgment. Moreover, the Court requested that the letter remind Great Wall to contact the Court immediately if it intends to oppose entry of default judgment. On October 24, 2003, plaintiff's counsel sent a letter to Great Wall in compliance with the Court's request. On October 31, 2003, Great Wall responded to Dolby's counsel confirming receipt of the letter and that it had been forwarded to presumably the appropriate person (Fisher Reply Decl. Exh. A). To date, Great Wall has not appeared before this Court or opposed this application for default judgment.

**ANALYSIS**

Under the Federal Rule of Civil Procedure 55(b)(2), a party may apply to the court for entry of default judgment. Whether to grant a motion for default judgment is within the discretion of the trial court. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). In the Ninth Circuit, a court is to consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due

3

> to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors favor entry of default judgment in this case.[1]

The first three factors clearly favor entry of default judgment. If plaintiff's motion is denied, plaintiff will certainly be prejudiced. Denial will leave Dolby without a remedy. In reviewing the second and third factors in tandem, plaintiff's claim has been found meritorious as it sufficiently alleges a breach of the licensing agreement between the parties.[2] After entry of default, well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. v. Combs*, 285 F.3d 899, 906, (9th Cir. 2002).

There is clear evidence of a valid, executed licensing agreement between the parties (Compl. Exh. A). The complaint alleges that defendant failed to provide accurate statements for payment of royalties pursuant to the licensing agreement and that defendant failed to pay royalties. Moreover, Dolby offered evidence of discrepancy between the quarterly statements from the integrated circuit manufacturers who supplied Great Wall and Great Wall's own statements (Robinson Decl. ¶¶ 12–15 and Exh. B). The complaint alleges that Great Wall never accounted for the discrepancy after promising to do so and that Great Wall failed to pay the actual amount of royalties due to Dolby. Hence, plaintiff has a strong case for breach of the licensing agreement.

The remaining factors on balance likewise favor entry of default judgment. Pursuant to the royalty payment schedule in the licensing agreement, plaintiff requests $871,114.84 for royalties including interest for the unreported licensed devices. Although this is not a small

---

[1] This order notes at the onset that the Court has subject-matter jurisdiction based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, as well as jurisdiction over the federal claims under the Patent Act, 15 U.S.C. § 1 et seq., and Lanham Act, 15 U.S.C. § 1051 et seq., pursuant to 28 U.S.C. §§ 1331, 1338(a). Personal jurisdiction exists under the forum selection clause in the licensing agreement between the parties expressly agreeing to a United States Court in the State of California. *See Breman v. Zapata Off Shore Co.*, 407 U.S. 1, 8 (1972) (forum selection clauses are presumptively valid). Furthermore, defendant is not an infant or incompetent person and is not in the military or otherwise exempted under the Solders' and Sailors' Civil Relief Act of 1940.

[2] This order does not consider the merits of plaintiff's claims of patent infringement or trademark infringement since Dolby seeks only damages from the breach of licensing agreement in its application for default judgment. Thus, consideration of these other claims is not necessary for awarding default judgment.

sum, plaintiff will be prejudiced if it is denied remedy considering the merits of the case. The only potential dispute may be the actual amount of damages. Defendant Great Wall, however, has refused to litigate this action and the default cannot be attributed to excusable neglect. Great Wall has been properly served. Moreover, Great Wall has been notified of the entry of default and Dolby's intent to seek default judgment pursuant to this Court's request. Great Wall acknowledged receipt of notice of this suit and entry of default in its letter to Dolby's counsel dated October 31, 2003. Although federal policy may favor decisions on the merits, Federal Rule of Civil Procedure 55(b) permit entry of default judgment in situations such as this where the defendant refuses to litigate.

\* \* \*

Plaintiff Dolby's application seeks a default judgment in the amount of $871,114.84 for the outstanding royalties, including interest, due it pursuant to Section 4.02 of the Digital Audio System License Agreement. In a declaration, plaintiff has shown that the integrated circuit manufacturers have reported sales of 404,245 licensed devices to Great Wall when Great Wall has only reported 74 products incorporating 370 licensed devices (Robinson Suppl. Decl. ¶¶ 12–13). Having evaluated the application, supporting papers, and arguments of counsel, and for good cause shown, the Court **GRANTS** the application.

\* \* \*

Plaintiff Dolby also requested attorney's fees pursuant to Section 8.06 of the licensing agreement which allows prevailing party to recover all costs and expenses incurred in the action including all attorney's fees. Counsel for Dolby seek $14,405 in attorney's fees. The Court **Grants** the award of $14,405 in attorney's fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a default judgment for damages of $871,114.84 and attorney's fees of $14,405 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 5, 2003.

s/ WILLIAM ALSUP
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5